IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW TEA COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 14-1099-JDT-egb |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER TRANSFERRING HABEAS PETITION
PURSUANT TO 28 U.S.C. § 2241(d)

Defendant Andrew Tea Cole, prisoner number 224395, an inmate at the Turney Center Industrial Complex ("TCIX"), in Only, Tennessee, seeks a correction of his sentence computation by the United States Bureau of Prisons ("BOP"). (ECF No. 1.) He presents his claim on the form for a motion under 28 U.S.C. § 2255. (Id.)

The first issue before the court is the remedy Cole must invoke. "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, section 2255 does not apply."). Cole complains that the BOP in incorrectly computing his sentence expiration date.

The computation of sentence credits under 18 U.S.C. § 3585(b) is a task reserved for the Attorney General through his designee, the BOP. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Thus petitioner's remedy is by a habeas petition, not a § 2255 motion. Construing the motion liberally,[1] therefore, the Court should treat it as a habeas petition. The proper Respondent to a habeas petition is the custodian of the prisoner.[2] Cole has not been taken into federal custody. The Petitioner's custodian in regard to his sentence is TCIX Warden Debra K. Johnson.

It is ORDERED that the Clerk docket this case as a habeas petition under 28 U.S.C. § 2241 and record the respondent as Warden Debra K. Johnson. The Clerk shall terminate any reference to the United States as Respondent.

A habeas petition, unlike a § 2255 motion, carries a filing fee of five dollars ($ 5.00). The Petitioner did not file a motion to proceed *in forma pauperis* and did not pay the filing fee. Because the petition is to be transferred, Petitioner's indigency may be addressed by the transferee court.

Cole is presently in the custody of the Tennessee Department of Correction serving out his state sentence for unspecified violations of state law. He does not allege that he is wrongfully confined or that he has fully served his state sentence, only that he cannot obtain a correct projected release date on his federal sentence. The State of Tennessee has not

---

[1] *See Haines v. Kerner*, 404 U.S. 519 (1972).

[2] The only proper respondent to a habeas petition is the warden of the facility in which the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

relinquished custody of Cole and he fails to demonstrate that the United States has asserted jurisdiction over him for service of his federal sentence.

On August 18, 1997, a federal grand jury indicted Cole on two counts of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). On March 26, 1998, Cole pled guilty to count one. On April 8, 1998, the Court presided at a jury trial on the remaining count, which concluded with the jury convicting the defendant. On June 18, 1998, the Court conducted the sentencing hearing and imposed a sentence of 120 months on count one, consecutive to 105 months on count 2, plus two concurrent three-year periods of supervised release. The Court entered the judgment on June 19, 1998. Cole appealed and the United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Cole*, No. 98-5925, 1999 WL 777312 (6th Cir. Sept. 23, 1999).

Cole successfully challenged his conviction and sentence on count 2 in a motion to vacate his conviction under 28 U.S.C. § 2255. *United States v. Cole*, No. 00-1166 (W.D. Tenn. Dec. 14, 2000). Cole's conviction on count 2 was vacated after the court concluded that counsel rendered ineffective assistance. On April 23, 2001, Cole entered a conditional plea of guilty pursuant to a written plea agreement which reserved his right to challenge on appeal, this court's partial denial of his motion to suppress the evidence of his admissions of gun ownership. On May 2, 2001, the Court imposed a sentence of 81 months imprisonment on Count 2, to be served consecutively to the sentence previously imposed on Count 1 on June 18, 1998, for a total term of imprisonment of 201 months. Cole appealed, and the Sixth Circuit affirmed. *United States v. Cole*, 315 F.3d 633 (6th Cir. Jan. 13, 2003).

The law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Wright v. United States Bd. of Parole*, 557 F.2d at 77 ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); *see also United States v. Griffith*, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California"). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla,* 542 U.S. at 435. Petitioner's habeas petition should have been filed in the United States District Court for the Middle District of Tennessee, Columbia Division. 28 U.S.C. § 123(b)(3).

Under § 2241(d), the interests of justice require that this case be transferred to the Middle District of Tennessee. It is ORDERED that the Clerk transfer this case to the United States District Court for the Middle District of Tennessee, Columbia Division.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE