IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANDREW T. COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00061 |
| | ) | |
| DEBRA K. JOHNSON, Warden, | ) | Senior Judge Haynes |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Petitioner Andrew T. Cole, a state prisoner at the Turney Center Industrial Complex in Only, Tennessee, filed this pro se petition for the writ of habeas corpus under 28 U.S.C. § 2241, seeking a correction of the computation of a federal sentence by the United States Bureau of Prisons ("BOP"). (Docket Entry No. 1, Petition). In an amended petition filed after transfer of this action to this Court, Petitioner also seeks a correction or clarification of his federal sentence. (Docket Entry No. 7, Amended Petition).

**I. Review of the Record**

In August 1997, a federal grand jury in the Western District of Tennessee indicted Petitioner on two counts of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). In March 1998, Petitioner plead guilty to Count One. In April 1998, a federal jury convicted petitioner of Count Two. The trial court, the Honorable James D. Todd presiding, held a sentencing hearing on June 18, 1998 on both counts. After the hearing, he imposed sentences of 120 months and 105 months of incarceration on Counts One and Two, respectively, for a total effective sentence of 225 months, to be followed by 3 years of supervised release. (Docket Entry No. 7-2, Judgment).

Judge Todd ordered that the entire 225-month federal sentence run concurrently with a previously entered 30-year state sentence, but recommended that "the place of service of this sentence be the Tennessee Department of Corrections, making this sentence concurrent with the sentence imposed in State Court, Docket No. 15354, Gibson County Circuit Court." Id. This sentence was affirmed on direct appeal. United States v. Cole, No. 98-5925, 1999 WL 777312 (6th Cir. Sept. 23, 1999) (per curiam).

Thereafter, Petitioner filed a timely § 2255 motion; Judge Todd granted the motion and vacated the judgment on Count Two on the basis that Petitioner's counsel had rendered ineffective assistance by failing to file a motion to suppress. Judge Todd later granted in part and denied in part a motion to suppress filed on Petitioner's behalf. In April 2001, Petitioner entered a plea of guilty to Count Two. In May 2001, Judge Todd resentenced Petitioner on Count Two, this time to 81 months of incarceration—24 months less than the original sentence for Count Two. The 120-month sentence on Count One remained undisturbed, and the judge again specified that the two federal sentences would be consecutive to each other. However, rather than ordering that both sentences would be concurrent with the state sentence and recommending that the entirety of the federal sentence be served in the custody of the Tennessee Department of Corrections, Judge Todd stated that only the previously issued sentence for Count One would be concurrent with the 30-year state sentence:

> I also am going to order that the 81 months be served consecutively to the sentence that was imposed on June 18, 1998. The reason I'm running it consecutively is because of your long and serious history of violent and assaultive behavior. It's my judgment that a sentence—a consecutive sentence is the only way to arrive at an appropriate punishment and appropriate protection for the people of West Tennessee.
>
> Since you were—well, your first criminal involvement was when you were 9 years old, but you really got cranked up when you were about 14. And since that time, Mr. Cole, it's just been one violent episode after another of aggravated assaults

-2-

and attempted murders and resisting arrest. You've been a one-man crime wave, and it's my judgment that consecutive sentences are necessary in order to get you an appropriate punishment.

So that's 81 months on count 2 consecutive to count 1.

Count 1 is undisturbed. It's concurrent with your state time.

(Docket Entry No. 7-4, at 2–3, Sentencing Tr. Excerpt). Defense counsel then sought clarification on whether Petitioner's time on Count Two would be consecutive to or concurrent with his state time. Judge Todd confirmed that it would be consecutive:

> MR. MADDOX: Thank you, Your Honor. If I could—and I missed this, and I need some clarifications. This count 2 will be concurrent, though with the state charge. Is that correct?
>
> THE COURT: No, sir. It's concurrent—I'm sorry. It's consecutive to count 1. Count 1 is concurrent with the state charge, but count 2 is consecutive to both of them.

Id. at 4–5. Counsel did not point out at that time that both the federal sentences had been ordered to run concurrently with the state sentence at the first sentencing, or that the new sentence was effectively much longer than the first, despite a putative 24-month reduction in the sentence for Count Two. The sentencing proceedings were adjourned. Id. at 5. After adjournment, the probation officer and Judge Todd had the following exchange:

> PROBATION OFFICER LAROSE: Just for, I guess, housecleaning purposes, the count 2 sentence will run consecutively to count 1 but not to the Bureau of Prisons sentence, I think, because the Bureau of Prisons will not be able to understand that. Say, for instance, if there's an overlap in the state sentence, and the state sentence overlaps count 1, that would create a period of dead time between count 1 and count 2; and the Bureau of Prisons can't calculate sentences that way. So the count 1 sentence—or I'm sorry, the count 2 sentence would follow the count 1 sentence immediately as soon as the count 1 sentence expires, regardless of the state sentence.
>
> THE COURT: I don't know what that means.
>
> PROBATION OFFICER LAROSE: I'm sorry.

> THE COURT: What do I need to do to fix it?
>
> PROBATION OFFICER LAROSE: Okay. Basically, if we run count 2 consecutive to count 1 and say nothing about the state sentence, we'll be fine.
>
> THE COURT: That's what I thought I did. I thought I—
>
> PROBATION OFFICER LAROSE: Okay. Mr. Maddox had asked something about whether count 2 was concurrent with the state sentence, and—
>
> THE COURT: He did. All I did was answer Mr. Maddox's question. That was not part of the judgment.
>
> PROBATION OFFICER LAROSE: Okay, Your Honor.

Id. at 5–6.

Judge Todd thereafter entered Judgment that states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 Months as to Count 1. On Count 2 defendant is committed to the custody of the Bureau of Prisons for a term of 81 Months, to run consecutively to the sentence previously imposed on June 18, 1998, on Count 1 of this indictment, for a total of 201 Months. The sentence previously imposed as to Count 1 remains the same in all respects.
>
> The Court recommends to the Bureau of Prisons: That the place of service of this sentence as to Count 1 be the Tennessee Department of Corrections, making this sentence as to Count 1 concurrent with the sentence imposed in State Court, Docket No. 15354, Gibson County Circuit Court.

(Docket Entry No. 28-2, Amended Judgment, at).

Petitioner filed another direct appeal, "challenging the district court's failure to fully grant his motion to suppress." United States v. Cole, Cole, 315 F.3d 633, 634 (6th Cir. 2003). Petitioner did not challenge his sentence on appeal. The Sixth Circuit affirmed Petitioner's conviction. Id. at 637.

In January 2008, Petitioner filed a pro se motion under 28 U.S.C. § 2255 in the United States District Court for the Western District of Tennessee, challenging the BOP's calculation of his release

date. (Docket Entry No. 22-4, Cole v. United States, No. 1:08-cv-01017 (W.D. Tenn. Jan. 22, 2008) (§ 2255 motion)). Upon initial review, the District Court determined that Petitioner was not challenging the validity of the sentence itself, but rather computation of sentence credits under 18 U.S.C § 3585(b) and that § 2255 did not apply. The Court stated that computation of sentence credits is a task reserved for the United States Attorney General through the BOP and, therefore, that issues related to computation of sentence credits should be addressed under § 2241 and dismissed the petition without prejudice for failure to exhaust. (Docket Entry No. 22-5, Cole v. United States, No. 1:08-cv-01017 (W.D. Tenn. Oct. 16, 2008) (order of dismissal)).

Petitioner filed this action under 28 U.S.C. § 2255 in the United States District Court for the Western District of Tennessee on April 22, 2014 (Docket Entry No. 1), noting that the petitioner did not challenge his conviction or sentence but only sought correction of his sentence computation, Judge Todd construed the motion as a habeas petition under 28 U.S.C. § 2241. Because the only appropriate respondent in a § 2241 action is the petitioner's custodian, and because Petitioner here is confined at an institution within the geographic reach of the United States District Court for the Middle District of Tennessee, Judge Todd transferred this action to this Court. (Docket Entry No. 3).

In this action, Petitioner seeks correction of his federal sentence computation by the BOP. Specifically, Petitioner alleges in his initial petition that his two federal sentences were to run consecutively, but concurrently with his 30-year state sentence. (Docket Entry No. 1, at 3). Petitioner asserts that his sentence on Count Two should have expired on January 15, 2013. Id. at 4). The Sentence Monitoring Computation Data note, dated March 5, 2002, attached to his petition, reflects a release date of January 15, 2013. (Docket Entry no. 1-3, at 1, 3).

On May 19, 2014, days after entry of the Order transferring this action and before Petitioner

received notice of the transfer, Petitioner filed an amended petition in the Western District, citing the differences in the original judgment and amended judgment. Petitioner, however, construes the post-adjournment colloquy between Judge Todd and the probation officer as signaling Judge Todd's intention that the federal sentences should run concurrently with the state sentence. Petitioner states that his "position is that the judgment as to count 2 should clearly reflect that it is to run consecutive to the other federal sentence, but, as originally – before his guilty plea – to run concurrent with the state sentence." (Docket Entry No. 7, at 5). Petitioner seeks an order that the sentence on Count Two run concurrently with his state sentence "to conform to his plea agreement and in the absence of any vindictiveness as a result of him winning a new trial." Id. (citing North Carolina v. Pearce, 395 U.S. 711 (1969)).

In opposition, the United States argues that: (1) Petitioner has not raised a proper challenge to the execution or imposition of his sentence; (2) the sentencing transcript and Judgment clearly reflect the judge's intention that the sentence on Count Two run consecutively to the state sentence; and (3) Petitioner is not entitled to relief under the rule pronounced in North Carolina v. Pearce, 395 U.S. 711 (1969).

## II. Conclusions of Law

### A. Petitioner's Challenge Is Procedurally Improper

Insofar as Petitioner seeks to challenge his sentence computation by the BOP, Petitioner's challenge is premature. A federal sentence does not begin until a prisoner is actually in BOP custody. See 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Thus, the BOP cannot perform a sentence computation until the Petitioner is actually in the BOP's custody

and Petitioner's federal sentence commences. Petitioner does not dispute that he remains at this time in state custody and that the state has no responsibility for computing his federal sentence.

Moreover, once Petitioner is transferred to BOP custody and the BOP performs a sentence computation, Petitioner must exhaust his administrative remedies through the BOP prior to filing an action in this Court to challenge any computations. United States v. Westmoreland, 974 F.2d 736, 737–38 (6th Cir. 1992) (district court cannot consider habeas petition asserting right to sentence credits under 18 U.S.C. § 3585(b) until Attorney General has computed credit and petitioner has exhausted administrative remedies). Thus, to the extent Petitioner continues to challenge the BOP's computation of his sentence, the challenge is again subject to dismissal without prejudice on the basis that it is premature.

## B. This Court Lacks Jurisdiction to Correct or Clarify Petitioner's Sentence

Insofar as Petitioner seeks a clarification from this Court of Judge Todd's judgment and sentence, this Court lacks jurisdiction or authority to issue such clarification or to resentence because this Court did not enter the judgment or sentence.

Because this Court lacks jurisdiction to consider Petitioner's alternate request, stated in his amended petition, for clarification/correction of his sentence on Count Two, this Court will transfer this action back to the Western District of Tennessee for consideration of that claim.

For these reasons, Petitioner's claim for the BOP's computation of Petitioner's sentence should be dismissed without prejudice. The Court will deny a certificate of appealability on that claim. See 28 U.S.C. § 2253(c)(2) (a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right").

This action should be transferred back to the United States District Court for the Western District of Tennessee for consideration of Petitioner's claim for clarification/correction of that

Court's sentence on Court Two.

An appropriate order is filed herewith.

ENTERED this the 16th day of July, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge