UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ANDREW COLE )<br>)<br>    Movant, )<br>)<br>VS. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent, ) | No. 15-1174-JDT-egb<br>Crim. No. 97-10036-JDT |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Movant, Andrew Tea Cole, filed this case as a motion pursuant to 28 U.S.C. § 2255 on April 28, 2014. (ECF No. 1.) However, the Court construed the motion as a challenge to the computation of Cole's federal sentence arising under 28 U.S.C. § 2241 and transferred the petition to the U.S. District Court for the Middle District of Tennessee, where Cole was then incarcerated in a Tennessee Department of Correction prison facility. (ECF No. 3.) Cole filed an amended § 2255 motion on May 19, 2014. (ECF No. 7.) Because Cole was in a TDOC facility but challenged the computation of his federal sentence, responses to the petition were filed by both the Office of the Tennessee Attorney General and the United States Attorney for the Middle District of Tennessee. (ECF Nos. 21, 22, 28 & 29.) On July 16, 2015, U.S. District Judge William J. Haynes, Jr. ruled that,

construed as a § 2241 petition, Cole's claim regarding the computation of his sentence was premature because he was not yet in federal custody and thus had not exhausted the Administrative Remedy Program of the Bureau of Prisons (BOP). (ECF No. 38 at PageID 212-213.) However, Judge Haynes also transferred the petition back to this Court for consideration of Cole's claim for clarification and/or amendment of the criminal judgment. (*Id.* at PageID 213-214.)

As has been set out in various orders in other cases filed by Cole, in August 1997 he was indicted on two counts of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). Cole entered a guilty plea to count one but went to trial and was convicted by a jury on count two. On June 18, 1998, he was sentenced to a 120-month term of imprisonment on count one and a consecutive 105-month sentence on count two, for an effective 225-month prison term. The Court also specified that the sentences on both federal counts would run concurrent with another sentence Cole was serving at the time, a 30-year state sentence imposed in Gibson County Docket No. 15354. The federal convictions and sentences were affirmed on appeal. *United States v. Cole*, No. 98-5925, 1999 WL 777312 (6th Cir. Sept. 23, 1999) (per curiam).

Cole filed a timely § 2255 motion on June 5, 2000, which this Court granted as to count two on the ground that trial counsel was ineffective in failing to file a motion to suppress. *Cole v. United States*, No. 00-1166-JDT (W.D. Tenn. Dec. 14, 2000). The criminal proceeding was re-opened, and Cole entered a guilty plea to count two on April 23, 2001. At the re-sentencing hearing on May 2, 2001, the Court left the 120-month sentence on count one unchanged and imposed a sentence of 81 months on count two, again

ordering that it run consecutive to the sentence on count one. However, instead of ordering the sentences on both federal counts to run concurrent with the state sentence, the Court stated that only the sentence on count one would be concurrent with the state sentence. The Court specifically stated, "So that's 81 months on count 2 consecutive to count 1. Count 1 is undisturbed. It's concurrent with your state time." (Re-Sent'g Tr., ECF No. 7-4 at PageID 53.) When Cole's defense counsel then asked for clarification as to whether the sentence on count two would be concurrent to the 30-year state sentence the Court again stated, "No, sir. It's concurrent – I'm sorry. It's consecutive to count 1. Count 1 is concurrent with the state charge, *but count 2 is consecutive to both of them.* (*Id.* at PageID 54-55 (emphasis added).)

Both the Court's initial statement and the answer to counsel's question were clear. The apparent confusion stems from the Probation Officer's question to the Court, immediately after the sentencing hearing had adjourned, in which he expressed doubt that the BOP could calculate the sentence as imposed by the Court:

> PROBATION OFFICER LAROSE: Just for, I guess, housecleaning purposes, the count 2 sentence will run consecutively to the count 1 but not to the Bureau of Prisons sentence, I think, because the Bureau of Prisons will not be able to understand that. Say, for instance, if there's an overlap in the state sentence, and the state sentence overlaps count 1, that would create a period of dead time between count 1 and count 2; and the Bureau of Prisons can't calculate sentences that way. So the count 1 sentence – or I'm sorry, the count 2 sentence would follow the count 1 sentence immediately as soon as the count 1 sentence expires, regardless of the state sentence.
>
> THE COURT: I don't know what that means.
>
> PROBATION OFFICER LAROSE: I'm sorry.
>
> THE COURT: What do I need to do to fix it?

3

>    PROBATION OFFICER LAROSE: Okay. Basically, if we run count 2 consecutive to count 1 and say nothing about the state sentence, we'll be fine.
>
>    THE COURT: That's what I thought I did. I thought I –
>
>    PROBATION OFFICER LAROSE: Okay. Mr. Maddox had asked something about whether count 2 was concurrent with the state sentence, and–
>
>    THE COURT: He did. All I did was answer Mr. Maddox's question. That was not a part of the judgment.
>
>    PROBATION OFFICER LAROSE: Okay, your Honor.

(*Id.* at PageID 55-56.)

Notwithstanding that muddled exchange, the amended judgment entered by the Court on May 9, 2001, was clear:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 Months** as to Count 1. On Count 2 defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **81 Months**, to run consecutively to the sentence previously imposed on June 18, 1998, on Count 1 of this indictment, for a total of **201 Months**. The sentence previously imposed as to Count 1 remains the same in all respects.
>
> The Court recommends to the Bureau of Prisons: That the place of service of this sentence as to Count 1 be the Tennessee Department of Corrections, making this sentence as to Count 1 concurrent with the sentence imposed in State Court, Docket No. 15354, Gibson County Circuit Court.

(No. 97-10036, Crim. ECF No. 130 at PageID 60.) Cole then appealed the denial of his motion to suppress, and the Sixth Circuit again affirmed. *United States v. Cole*, 315 F.3d 633 (6th Cir. 2003).

On January 22, 2008, Cole filed a § 2255 motion in which he sought to have the calculation of his sentence corrected. However, the Court construed the motion as a habeas petition pursuant to § 2241 and dismissed it without prejudice because Cole had not exhausted his remedies through the BOP. *Cole v. United States*, No. 08-1017-JDT-egb (W.D. Tenn. Oct. 16, 2008).

In his present amended motion (ECF No. 7), Cole contends the exchange with the Probation Officer at the conclusion of his re-sentencing shows the Court intended the sentences on both counts one and two to run concurrent with his state sentence, the same as the original sentences. He thus argues the amended criminal judgment should be amended further to reflect that intent. However, Cole also seems to present his argument as a constitutional claim, arguing that imposition of a harsher sentence after the original sentence on count two was set aside would demonstrate vindictiveness on the part of the Court, as prohibited by the decision in *North Carolina v. Pearce*, 395 U.S. 711, 725-26 (1969) ("Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.").

The first question to be addressed is how the Court should construe Cole's claims. Once a criminal judgment becomes final, the limits on the Court's power to modify a sentence are strict. Federal Rule of Criminal Procedure 36 allows the Court to correct, at any time, "clerical" errors and errors in the record "arising from oversight or omission." Fed. R. Crim. P. 36. However, the amended criminal judgment accurately set out the sentence orally imposed by the Court at the re-sentencing hearing. Notwithstanding Cole's

5

assertion that the Court's conversation with the Probation Officer at the conclusion at that hearing demonstrates the amended judgment was erroneous, the error he asserts is not the type of error contemplated by Rule 36.[1]

Rule 35(b) does allow the Court to reduce a sentence if the Defendant has provided substantial assistance to the Government, but only upon the Government's motion. The Government filed no such motion in this case.

The Court also may reduce a sentence pursuant to the provisions of 18 U.S.C. § 3582(c), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>     (i)  extraordinary and compelling reasons warrant such a reduction; or
>
>     (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[1] At the time of Cole's re-sentencing in 2001, Federal Rule of Criminal Procedure 35(c) also allowed for correction of a "sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c) (1991). However, even if the error claimed by Cole was the type that could be remedied under Rule 35, a sentence could be corrected under that provision only within seven days after the imposition of sentence. *Id.* Rule 35 was revised in 2002 to move the provision in section (c) to section (a) and again in 2009 to extend the period from seven days to fourteen days.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of § 3582(c) are applicable in this case.

The Court concludes that Cole's motion must be construed pursuant to 28 U.S.C. § 2255, as he originally filed it. Pursuant to § 2255(a):

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Cole's § 2255 motion is untimely on its face. The Sixth Circuit affirmed his conviction on January 13, 2003. He then had ninety days in which to file a petition for certiorari, which expired in April 2003. Cole's one-year period for filing a timely § 2255 motion thus expired in April 2004. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). However, the present § 2255 motion was not filed until ten years later, in April 2014.

Cole appears to contend that his motion is timely under § 2255(f)(4). He states that on January 22, 2013, he was advised by his trial counsel to consult with the BOP about the computation of his sentence and that after further conversation with counsel it was decided that Cole would need to file a § 2255 motion. (ECF No. 1 at PageID 7.) However, the Court concludes the conversation with counsel did not trigger a new one-year limitations period. It was already evident from the time of the re-sentencing hearing that there was some confusion about the structure of the sentence. In addition, Cole's filing of his 2008

8

petition in case number 08-1017 demonstrates that he was aware of the facts supporting his claim at that time. In any event, even if the January 22, 2013, conversation with counsel did trigger a new limitations period, Cole's motion is still untimely because it was filed more than one year later.

Cole's motion also cannot be construed as a § 2241 habeas petition pursuant to the "savings clause" of § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Under the savings clause, a federal prisoner who is attacking the imposition of his sentence rather than the manner of its execution can seek habeas relief under § 2241 if he can show that relief under § 2255 is inadequate or ineffective. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The prisoner carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). *See also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief

9

would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief.").

In order to demonstrate that relief under § 2255 is inadequate or ineffective, the petitioner must be claiming that he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions . . . ."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Cole makes no claim that he is actually innocent of the felon-in-possession charges on which he was convicted; instead, his claimed error concerns only the structure of the sentence that was imposed. Therefore, § 2255's savings clause does not apply.

For all of the foregoing reasons, the Court concludes that Cole is not entitled to relief pursuant to § 2255 because his motion is barred by the one-year statute of limitations. Therefore, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court instead of the district court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Cole would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Cole files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE